IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE BAINBRIDGE,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4835 |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS,** *et al.*, | : | |
|     Defendants. | : | |

# ORDER

AND NOW, this 12th day of February, 2024, upon consideration of Plaintiff Bruce Bainbridge's *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. For the reasons stated in the Court's Memorandum, the following claims in Bainbridge's Complaint are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A:

    a. All claims against the Pennsylvania Department of Corrections and all official capacity claims.

    b. Any property loss claims not involving legal, medical, or religious materials.

    c. All claims involving cell reassignments and prison job loss.

    d. All claims involving the filing of grievances that do not allege retaliation.

    e. All claims for declaratory relief.

2. The following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A:

    a. The failure to protect claim against Ms. Green and Wayne Styles.

    b. An access-to-the-courts claim based on loss of legal materials.

      c.      A deliberate indifference claim based on the loss of medical materials.

      d.      A First Amendment claim based on the loss of religious materials.

      e.      A First Amendment retaliation claim related to the filing of grievances.

      f.      A plausible claim against Defendants Tammi Furguson, Mandie Sipple and Mr. Hopson.

3.      The Clerk of Court is **DIRECTED** to terminate the Pennsylvania Department of Corrections as a Defendant.

4.      The Clerk of Court is **DIRECTED** to send Bainbridge a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

5.      Bainbridge is given thirty (30) days to file an amended complaint in the event he can allege additional facts to reassert the claims listed in Paragraph 2 of this Order. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Bainbridge's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 23-4835. **If Bainbridge files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Bainbridge's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case.** When drafting his amended complaint, Bainbridge should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Bainbridge may not reassert the claims already dismissed with prejudice listed in Paragraph 1 of this Order. Upon

2

the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

2.  If Bainbridge does not file an amended complaint the Court will direct service of his initial Complaint against Defendants Linda Knarr, John Terra, and Ms. Shoenburger for a responsive pleading on Bainbridge's Eighth Amendment failure to protect claim **only**. Bainbridge may also notify the Court that he seeks to proceed on this claim only rather than file an amended complaint.  If he files such a notice, Bainbridge is reminded to include the case number for this case, 23-4835.

3.  The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                                                     **BY THE COURT:**

                                                     /s/ Juan R. Sánchez
                                                   **JUAN R. SÁNCHEZ, C.J.**