# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE BAINBRIDGE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-4835** |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**SÁNCHEZ, J.**                                                                      **MARCH 18, 2024**

In a prior Memorandum and Order, the Court dismissed certain claims brought by Bruce

Bainbridge, a convicted prisoner serving a life sentence at SCI Phoenix, and permitted him the

option of filing an amended complaint or proceeding only on the claims that the Court

determined to pass statutory screening under 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Bainbridge v.*

*Pennsylvania Dep't of Corr.*, No. 23-4835, 2024 WL 556657 (E.D. Pa. Feb. 12, 2024).[1]

---

[1] Bainbridge originally attempted to assert an Eighth Amendment failure to protect claim based on an incident involving his altercation with another inmate.  *Bainbridge*, 2024 WL 556657, at *4.  The Court determined that this claim was plausible and indicated that the claim would be served against Linda Knarr, John Terra, and Ms. Shoenburger, who were among those named as Defendants in the original Complaint.  While Bainbridge was specifically instructed that if he decided to file an amended complaint he was required to include **all** of the claims he sought to pursue, including claims that the Court had not yet dismissed if he sought to proceed on those claims (*see* ECF No. 11 at 2), he did not reallege this claim or name Knarr, Terra or Shoenburger as Defendants in the Amended Complaint.

An amended complaint, when filed, serves as the governing pleading in the case because it supersedes the prior pleading, *see Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").  By failing to follow the Court's instruction, Bainbridge has effectively waived the claims against Knarr, Terra and Shoenburger by failing to reassert them.  In the interest of justice and because

Bainbridge has returned with an Amended Complaint (ECF No. 12) in which he names as Defendants three employees of the Pennsylvania Department of Corrections —CO Hopson, Sgt. Green, and CO W. Styles — and asserts various First Amendment claims, an Eighth Amendment deliberate indifference/failure to protect claim, and Fourteenth Amendment due process and equal protection claims.  He seeks money damages and an order from this Court directing the Pennsylvania courts to hold a post-conviction evidentiary hearing in his criminal case.  For the following reasons, certain claims in the Amended Complaint will be dismissed with prejudice and other claims will be dismissed without prejudice.  Bainbridge will be provided one additional opportunity to file an amended complaint to reassert all of his plausible claims, or he may opt only to proceed on the claims contained in his Amended Complaint that the Court deems to be plausible in this screening Memorandum.

## I.    FACTUAL ALLEGATIONS[2]

Bainbridge asserts that on December 13, 2021, Defendant Styles failed to secure his personal property, including legal folders, religious artifacts, a Bible, medical supplies including a bed wedge, dentures, glasses and knee brace, and photos and other personal items.  (Am. Compl. at 12.)  Styles allegedly put the property in an unsecured hallway and failed to provide Bainbridge with a detailed inventory of the property.  (*Id*.)  Instead, Styles only listed his property by the number of boxes and footlockers.  (*Id*.)  Bainbridge also asserts that Styles

---

Bainbridge will be permitted to file a second amended complaint prior to service, the Court will permit him to reassert the claims against Knarr, Terra and Shoenburger if he seeks to pursue them.  **If he does not file a second amended complaint or if does file a second amended complaint but fails to reassert the claims against Knarr, Terra and Shoenburger in that pleading, Knarr, Terra and Shoenburger will be terminated as Defendants in this case**.

[2] The factual allegations set forth in this Memorandum are taken from Bainbridge's Amended Complaint (ECF No. 12).  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

retaliated against him by writing a false misconduct report, allegedly to "cover his mistake of being away from his post" and thus not able to observe another inmate come onto Bainbridge's unit armed with a homemade weapon and attack him.  (*Id*.)  With regard to Styles, Bainbridge alleges First Amendment access-to-the-courts and free exercise claims based on his loss of legal and religious property, a First Amendment retaliation claim based on the misconduct report, a due process claim based on the loss of his non-legal or religious property, and an Eighth Amendment deliberate indifference claim based on Styles's failure to protect him from the other inmate.  (*Id*.)

Similarly, Bainbridge asserts that Sgt. Green failed to secure his property, assisted Styles in preparing the misconduct report – resulting in Bainbridge being sent to the Restricted Housing Unit ("RHU") rather than the infirmary to tend to the injuries he received in the inmate-on-inmate attack, and remained in the control center and failed to secure access to his housing block, thereby allowing the other inmate to attack him.  (*Id*. at 13.)  Bainbridge asserts that CO Hopson was also involved in his loss of property because he was the custodian of the materials in a property storage area, and provided an insufficiently detailed inventory.  (*Id*. at 14, 17.)  He also asserts that Hopson violated his due process and equal protection rights by treating him differently than all other individuals in accepting an incorrect inventory form, and retaliated against him "for filing a response to [Bainbridge's] grievance implicating CO Hopson."  (*Id*. at 14.)

Bainbridge asserts that due to the actions of the named Defendants in failing to secure his legal materials on December 13, 2021, he became "ineligible to file his collateral attack on [his] conviction . . . after 44 years" (*id*. at 15) on August 31, 2022 to assert that he is actually innocent, apparently based on a documents file he received from the Pottsville Police Department on

January 5, 2021.[3]  (*Id*. at 15, 19.)  He asserts he was in the process of reviewing the materials to complete a PCRA petition based on allegedly exculpatory photographic ballistics evidence contained in the Pottsville materials that related to evidence at this trial.  (*Id*. at 15.)  Specifically, he contends that he could not have previously known about the material, and if the photo had been available at trial, the extent of the deformity of the bullet would have changed the outcome of the trial since the extent of the deformity would have changed the trajectory of the bullet.[4]  (*Id*. at 15, 17, 19.)

Bainbridge asserts that he suffered bodily injuries in the attack by the other inmate and he has still not received his knee brace or dentures.  (*Id*. at 5.)  He asserts he is now time barred from filing a PCRA petition about the ballistics evidence and seeks money damages.  (*Id*.)  He

---

[3] Bainbridge fails to explain the significance of the August 31, 2022 date and his allegations about when he received the Pottsville documents do not explain the date.  He states "Plaintiff received a documents file from the City of Pottsville Police dept through a RTK request January 5, 2021."  (Am. Compl. at 15.)  If he received the documents on January 5, 2021 – the natural understanding of the words that he used, he fails to explain why any claim based on documents he received on that date caused him to become ineligible to file a PCRA petition as of August 31, 2022.  *See* 42 Pa. Cons. Stat. § 9545(b)(2) (providing a one-year statute of limitations to file a PCRA petition following the discovery of new evidence).

[4] Bainbridge attached a copy of a page of trial transcript containing questions about a deformed bullet, indicating that the unidentified witness who appears to have performed an autopsy of the murder victim, photographed the bullet.  (Am. Compl. at 16.)  A second page of transcript mentions that a flattened bullet was recovered from the murder victim.  (*Id*. at 18.)  Bainbridge provides no other context for the excerpts.  Bainbridge also mentions a second piece of evidence, a "sliver of silver foil" "not yet developed because of the events of 12-31-21."  (*Id*. at 17.)  He asserts that an evidentiary hearing "could allow this piece of evidence to be developed," also changing the outcome of his trial (*id*.) because it would indicate the bullet ricocheted off of a car bumper before striking the victim.  (*Id*. at 19.)  Notably, Bainbridge fails to allege that he actually filed a PCRA petition raising these issues, regardless of the availability of the Pottsville materials, or that his petition was denied because the Pottsville materials were unavailable to him to prosecute the petition.  A review of available state court records indicates that Bainbridge filed a PCRA petition on March 13, 2013, which was subsequently denied on initial review and on appeal, but shows no subsequent filings.  *See Commonwealth v. Bainbridge*, CP-54-MD-0000419-1979, CP-54-MD-0000445-1979 (C.P. Schuylkill).

also asks this Court to require the state courts to hold an evidentiary hearing on his claims of innocence.[5]  (*Id.* at 21.)

## II.    STANDARD OF REVIEW

Although Bainbridge has paid the filing fee in full, the Court has the authority to screen his Amended Complaint pursuant to 28 U.S.C. § 1915A.  *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

---

[5] The request for an order to require the state courts to hold an evidentiary hearing on Bainbridge's claims of innocence must be denied.  In essence, he asks this Court to grant him mandamus relief.  *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); *id.* § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.)  Section 1651 is not applicable since Bainbridge's request does not go to this Court's jurisdiction.  Section 1361 does not confer jurisdiction on this Court to issue a writ of mandamus to compel a state judicial officer to act in matters pending in a state court.  *See Sanchez v. Gonzalez*, No. 05-2552, 2005 WL 2007008, at *3 (D.N.J. Aug. 16, 2005) (citing *Urich v. Diefenderfer*, No. 91-47, 1991 WL 17820, at *1 (E.D. Pa. Feb. 11, 1991)).  Thus, this Court would not have jurisdiction to order a state court to conduct an evidentiary hearing, even if Bainbridge had a pending post-conviction petition in state court.

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As Bainbridge is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

A.        **Access-to-the-Courts Claim**

As the Court previously explained to Bainbridge, "'[a] prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury.'"  *Bainbridg*e, 2024 WL 556657, at *5 (quoting *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)).  This is because the right of access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court."  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  In other words, a prisoner claiming that he was denied access to the courts due to the loss of legal materials or otherwise must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action).  In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts.  *Christopher*, 536 U.S. at 415.  "[T]he underlying cause of action, . . . is an element that must be described in the complaint."  *Id.*  Because Bainbridge did not allege in his original Complaint that the loss of his legal materials caused him actual injury – a lost nonfrivolous and arguable legal claim – any property loss claim based on his legal materials was not plausible.  *Bainbridg*e, 2024 WL 556657, at *5.

Bainbridge asserts in the Amended Complaint Defendants Styles, Green and Hopson caused him to lose documents he needed to support a collateral attack on his conviction under the PCRA based on newly discovered evidence.  Absent three statutory exceptions, the PCRA statute of limitations begins to run on the date a judgment of conviction becomes final.  42 Pa. Cons. Stat. § 9545(b)(1).  One of the exception to the running of the PCRA statute of limitations

is the exception for newly discovered evidence.  *Id*. § 9545(b)(1)(ii).  To invoke it, the petitioner

must file his PCRA petition within one year of learning about the new evidence through the

exercise of due diligence.  *Id*. § 9545(b)(2).  Bainbridge asserts that he learned of the new

allegedly relevant ballistics photograph evidence when he received a documents file from the

Pottsville Police Department, apparently on January 5, 2021.  (Am. Compl. at 15, 19.)  Thus, to

make a PCRA petition timely based on the newly discovered evidence exception, he was

required to file a petition raising the issue within one year, or January 5, 2022.  However,

Bainbridge asserts that Styles, Green and Hopson caused him to lose the allegedly exculpatory

evidence on December 13, 2021, approximately three weeks before a timely petition was

required to be filed.  These allegations are sufficient for purposes of statutory screening to assert

a plausible access-to-the-courts claim against Styles, Green and Hopson and will be served for a

responsive pleading.

      **B.**      **Free Exercise Claim**

      To the extent that Bainbridge mentioned his religious articles in the original Complaint to

attempt to state a First Amendment free exercise claim, the Court determined that the claim was

not plausible since he failed to allege that the Defendants placed a substantial burden on the

observation of a central belief or practice of his faith.  *Bainbridge*, 2024 WL 556657, at *6

(citing *Hernandez v. Comm'r of Internal Revenue*, 490 U.S. 680, 699 (1989) (stating the free

exercise inquiry asks whether government has placed a substantial burden on the observation of a

central religious belief or practice and, if so, whether a compelling governmental interest justifies

the burden)).  In his Amended Complaint, Bainbridge again mentions the loss of unspecified

religious articles and his Bible, but fails to allege additional facts to support a plausible claim

that he has been so burdened.  Thus, the free exercise claim must again be dismissed.  As

Bainbridge has already been given an opportunity to cure the defects in this claim and has been unable to do so, the Court concludes that further amendment would be futile and will dismiss the claim with prejudice.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("[B]ecause Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper.").

### C.      Retaliation

In the original Complaint, Bainbridge attempted to assert a First Amendment retaliation claim based on his filing of a grievance.  The claim was determined not to be plausible and he was granted leave to reassert the claim in an amended complaint.  While Bainbridge has not realleged a claim based on his filing of a grievance, he does assert that Defendant Styles retaliated against him by writing a false misconduct report following the inmate-on-inmate incident, allegedly to "cover his mistake of being away from his post."  (Am. Compl. at 12.)  He also alleges that Defendant Sgt. Green assisted Styles in preparing the misconduct report, resulting in Bainbridge being sent to the RHU.[6]  These allegations are sufficient at the statutory screening state to assert a plausible retaliation claim against Styles and Green.

---

[6] While Bainbridge also asserts that the false misconduct caused him to be taken to the RHU rather than for medical treatment, he does not appear to assert a separate claim for deliberate indifference to a serious medical need.  If he did intend to do so, the claim would be subject to dismissal because it is undeveloped.  Bainbridge only uses the words "deliberate indifference" in reference to his failure to protect claim and does not allege any other facts to describe any plausible claim of deliberate indifference to a serious medical need.  *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (stating that deliberate indifference to a serious medical need is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.").

Bainbridge also attempts to assert a retaliation claim against Defendant Hopson because Hopson responded to a grievance, subject matter unspecified, that Bainbridge filed about him. (Am. Compl. at 14.)  This allegation does not state a plausible claim.  The Court previously advised Bainbridge that in order to state a plausible First Amendment retaliation claim, a prisoner must allege: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.  *Bainbridge*, 2024 WL 556657, at *7 (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)).  Bainbridge does not allege that he suffered an adverse action because Hopson responded to the grievance, nor does he allege that his filing a grievance was a substantial or motivating factor for an adverse action.  Accordingly, the aspect of the retaliation claim is dismissed with prejudice.[7]

### D.     Property Loss Claim

Bainbridge again asserts a property loss claim involving his non-legal and non-religious articles, this time couching the claim as both a due process and equal protection violation. Neither theory is plausible.

As the Court previously explained, no due process violation can result from the loss of Bainbridge's personal property because the Pennsylvania Tort Claims Act, in addition to the prison grievance process, provides an adequate remedy for a willful deprivation of property. *Bainbridge*, 2024 WL 556657, at *5 (citing *Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not

---

[7] Because the Court previously provided Bainbridge with the elements necessary to allege a retaliation claim, and he failed to assert all of the elements with regard to the Hopson claim, any further attempt at amendment would be futile.  *Jones*, 944 F.3d at 483.

constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533)); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (*per curiam*).

The equal protection claim must be dismissed because it is conclusory. *Iqbal*, 556 U.S. at 678. To plead a plausible equal protection violation, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class." *Mack v. Warden Loretto FCI*, 839 F.3d 286 (3d Cir. 2016) (citing *Hassan v. City of New York*, 804 F.3d 277, 294, 298 (3d Cir. 2015)). Bainbridge asserts only that Defendant Hopson violated his equal protection rights by treating him differently than all other individuals in accepting an incorrect inventory form. (Am. Compl. at 14.) He provides no other factual content that would allow the Court to draw a reasonable inference that he suffered a property loss due to his membership in a protected class and that the discrimination was intentional. *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court will, however, grant Bainbridge an additional opportunity to amend this claim.[8]

**E.     Failure to Protect Claim**

---

[8] In the prior Memorandum, the Court also dismissed a claim based on the loss of Bainbridge's knee brace, dentures, wedge pillow and other medical related items because the claim was undeveloped. *Bainbridge*, 2024 WL 556657, at *6 (citing *Farmer*, 511 U.S. at 837). Specifically, he failed to allege any facts indicating he had a serious medical need related to these allegedly lost items. Bainbridge has again only alleged that these items have been lost and the Court cannot speculate about the other elements needed to allege a plausible medical deliberate indifference claim arising from their loss. Bainbridge will again be permitted to flesh out the facts surrounding this claim if he opts to further amend.

While Bainbridge, as noted, previously asserted plausible failure to protect claims against other Defendants he has not now included, in the Amended Complaint he asserts Eighth Amendment deliberate indifference claims only against Defendant Styles based on his alleged failure to protect Bainbridge from the other inmate because he was "away from his post" and could not observe the other inmate, and against Sgt. Green because he failed to secure access to his housing block, thereby allowing the other inmate to attack him and remained in the control center.  (Am. Compl. at 12-13.)  As the Court previously instructed Bainbridge, to assert a plausible failure to protect claim against a prison official, a plaintiff must allege that:  (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) the prison official acted with deliberate indifference to that substantial risk of serious harm; and (3) the official's deliberate indifference caused harm.  *Bainbridge*, 2024 WL 556657, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  Prison officials "must actually [have been] aware of the existence of the excessive risk; it is not sufficient that [prison officials] should have been aware."  *Id.* (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001)).

The allegation that Styles was "away from his post," standing alone, fails to allege plausibly the elements of the failure to protect claim.  Merely alleging Styles was away from his post does not address the risk of the condition that was allegedly present – an open access between units that permitted the attacker access to Bainbridge's unit – or that Styles acted with deliberate indifference to a risk, since there is no assertion that Styles was aware of the existence of the open access between the various units prior to the incident.  The allegation that Styles could not observe the other inmate merely asserts that he should have been aware of the risk, and does not assert that the risk was so obvious that the official must have known of the risk.  *See id.*, at *4 (citing *Beers-Capitol*, 256 F.3d at 133 ("subjective knowledge on the part of the official

can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk")).  The allegation that Sgt. Green failed to secure access to Bainbridge's unit, thereby allowing the other inmate to attack him, and remained in the control center, also fails to allege that Green was aware of the condition that posed that risk before the attack occurred.  Thus, this allegation also fails to allege a plausible deliberate indifference claim.

IV.    **CONCLUSION**

For the reasons stated, the Court is prepared at this time to direct service of Bainbridge's Amended Complaint on Defendants Styles, Green and Hopson for a response to Bainbridge's First Amendment access-to-the-courts claim, and on Styles and Green for a responsive pleading on his First Amendment retaliation claim **only**.  The following claims are dismissed with prejudice:  the First Amendment retaliation claim against Hopson; the First Amendment free exercise claim against all Defendants; the Fourteenth Amendment due process/property loss claim against all Defendants; and the request to order a hearing in state court.  The following claims are dismissed without prejudice:  the Eighth Amendment deliberate indifference claim based on the loss of medical equipment; the Fourteenth Amendment equal protection/property loss claim against Hopson; and the Eighth Amendment failure to protect claim against Styles and Green.

Bainbridge will be permitted the option of proceeding **only** on the First Amendment access-to-the-courts claim against Styles, Green and Hopson, and on the First Amendment retaliation claim against Styles and Green, or filing a second amended complaint.  Should he opt to file a second amended complaint, Bainbridge must include **all** of the claims he seeks to pursue, including claims that the Court had not yet dismissed if he seeks to proceed on those

claims.  **Any claim not stated in the second amended complaint will be deemed waived**.  An

appropriate Order follows with additional information on amendment.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, J.**