IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE BAINBRIDGE,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4835 |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS,** *et al.*, | : | |
|     Defendants. | : | |

### ORDER

AND NOW, this 18th day of March, 2024, upon consideration of Plaintiff Bruce Bainbridge's *pro se* Amended Complaint (ECF No. 12), it is **ORDERED** that:

1. For the reasons stated in the Court's Memorandum, the following claims in Bainbridge's Amended Complaint are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A:

    a. The First Amendment retaliation claim against Defendant C.O. Hopson;

    b. The First Amendment free exercise claim against all Defendants;

    c. The Fourteenth Amendment due process/property loss claim against all Defendants; and

    d. The request for an order directing a hearing in state court.

2. The following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A:

    a. The Eighth Amendment deliberate indifference claim based on the loss of medical equipment;

    b. The Fourteenth Amendment equal protection/property loss claim against C.O. Hopson; and

    c.  The Eighth Amendment failure to protect claim against C.O. W. Styles and Sgt. Green.

  3.  The Clerk of Court is **DIRECTED** to send Bainbridge a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

  4.  Bainbridge is given thirty (30) days to file a second amended complaint in the event he can allege additional facts to reassert the claims listed in Paragraph 2 of this Order, as well as any other claim he seeks to assert that has not already been dismissed from this case with prejudice.  Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Bainbridge's claims against each defendant, and shall bear the title "Second Amended Complaint" and the case number 23-4835.  **If Bainbridge files a second amended complaint, his second amended complaint must be a complete document that includes all of the bases for Bainbridge's claims, including claims that the Court has not yet dismissed with prejudice if he seeks to proceed on those claims.  Claims that are not included in the amended complaint will not be considered part of this case.**  When drafting his second amended complaint, Bainbridge should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Bainbridge may not reassert the claims already dismissed with prejudice listed in Paragraph 1 of this Order.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

  2.  If Bainbridge does not file a second amended complaint the Court will direct service of his Amended Complaint against Defendants Styles, Green and Hopson for a responsive pleading on Bainbridge's First Amendment access-to-the-courts claim, and on Styles

3

and Green for a responsive pleading on his First Amendment retaliation claim **only**.  Bainbridge may also notify the Court that he seeks to proceed on these claim only rather than file a second amended complaint.  If he files such a notice, Bainbridge is reminded to include the case number for this case, 23-4835.

       3.	The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

       **BY THE COURT:**

       **/s/ Juan R. Sánchez**
       **JUAN R. SÁNCHEZ, J.**